IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NASIM CHOWDHURY,

      Petitioner,

      v.                            Case No. 2:26-cv-00300 KWR-KK

TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
MARKWAYNE MULLIN*, Secretary of the Department
of Homeland Security,*
TODD BLANCHE, *U.S. Attorney General,*
DORA CASTRO, *Warden of the Otero County Processing Center, and*
MARY DE ANDA-YBARRA, *Field Office Director of Enforcement and Removal Operations,
El Paso Field Office, Immigration and Customs Enforcement,*

      Respondents.

### ORDER DENYING MOTION TO ENFORCE

THIS MATTER comes before the Court on Petitioner's Motion to Enforce habeas order (Doc. 16). The Court granted in part Petitioner's habeas petition and ordered Respondents to hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk. Now, Petitioner requests that the Court enforce its judgment and order his release. However, Petitioner fails to demonstrate that the immigration judge did not hold an individualized bond hearing.

The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See*

*Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's discretionary bond decision. Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.").

Here, the immigration judge held an individualized hearing and found that Petitioner was a flight risk.  The immigration judge explained as follows in his order:

> Flight Risk: Manner of entry; form of relief is speculative; lack of ties to USA
> Matter of Hurtado may apply in his case

Doc. 16-1 at 2. Thus, it is clear that the immigration judge found that Petitioner was a flight risk and referenced certain *Guerra* factors. Petitioner's Motion focuses on the citation to *Hurtado*. Petitioner asserts that the immigration judge violated the Court's habeas order by referencing *Hurtado*. *See, e.g.,* Doc. 19 (describing the motion as concerning whether the immigration judge continued to apply *Hurtado*). Although the immigration judge referenced in the alternative that *Hurtado* may still apply, this was merely an alternative ruling. Based on the record before the Court, it appears that the immigration judge held a bond hearing, heard arguments and evidence presented by counsel, considered certain *Guerra* factors, and found Petitioner was a flight risk. Having reviewed the record before the Court, the Court finds that Petitioner has not demonstrated

that the immigration judge violated the Court's order by failing to hold an individualized bond hearing. The Court ordered a bond hearing and did not order any specific result.

To the extent Petitioner asserts that the immigration judge committed errors in his ruling, Petitioner has not demonstrated that those errors amounted to a violation of this Court's habeas judgment.

Finally, Petitioner has not demonstrated a due process violation at his bond hearing warranting further relief from this Court. He asserts that counsel lacked adequate notice, lacked an interpreter at the scheduled time, and the immigration judge failed to apply the proper burden of proof. Doc. 17 at 1-2. But Petitioner's counsel does not assert that he objected to holding the hearing or requested a continuance. Nor did counsel say he was unprepared or needed time to formulate specific additional arguments or evidence. Rather, counsel asserts that he presented arguments and evidence, he was already prepared, and he predicted the immigration judge's concerns based on the prior hearing. Doc. 16-2 at 3. He does not assert with specificity what he was unable to present at the hearing. Moreover, he asserts that the bond hearing was delayed as it took time to obtain a Bengali interpreter. But he does not assert that an interpreter was not present at the hearing. Petitioner has not demonstrated a due process violation. The Court in its discretion declines to order his release or another bond hearing at this time.

To the extent Petitioner asserts that the immigration judge failed to shift the burden at the bond hearing to the Respondents, the Court did not order such relief in its habeas order. Petitioner did not argue in his Petition why the Court should shift the burden. *See* Doc. 14 at 15. Petitioner does not request that the Court reconsider its order or judgment. Moreover, as this Court explained in *Montero Cordova,* the burden generally falls on the noncitizen, and Petitioner did not demonstrate in his Petition that the Court must shift the burden based on a due process violation.

*See Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at \*12-15

(D.N.M. Mar. 30, 2026).

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce (Doc. 16) is

**DENIED**.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE